UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN DAMON BARTH,<br>Plaintiff,<br>v.<br>WILLIAM MUNIZ, et al.,<br>Defendants. | Case No. 18-cv-01242-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff Barth has failed to comply with the Court's orders to file a coherent and focused complaint. Accordingly, this federal civil rights action is DISMISSED (without prejudice) for failing to comply with the Court's orders and for failing to prosecute, *see* Federal Rule of Civil Procedure 41(b).

**DISCUSSION**

**i.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**ii. Claims**

    **a. Original Complaint**

I dismissed the original complaint with leave to amend because it raised "many unrelated, and factually insufficient, claims against his jailors in a confusing and verbose 55 page complaint, to which [plaintiff] has attached 316 pages of exhibits." (Dkt. No. 6 at 1.) I instructed Barth to "select **one** cause of action from his lengthy list, e.g., lack of library access, **or** deliberate indifference to safety, **or** assault, etc." to raise in his amended complaint. (*Id.* at 2.) The amended complaint was to be no longer than 10 pages, with no more than 20 pages of exhibits. (*Id.* at 3.)

    **b. First Amended Complaint**

After being granted an extension of time, Barth filed a first amended complaint. I dismissed it with leave to amend. "Despite having more than 60 days to complete this task, Barth's amended complaint remains a jumble of mostly unrelated claims. The new complaint is 17 pages long and contains unrelated claims, many of which lack any specific factual support." (Dkt. No. 11 at 1.) I again instructed Barth to "pick one closely related

set of claims—related both by the legal claims asserted and the facts involved, as required by Federal Rule of Civil Procedure 20(a)(2)." (*Id.* at 2.) The Court also imposed 10-page limit on the new filing. (*Id.*)

### c. Second Amended Complaint

The second amended complaint is not an improvement. Again, Barth alleges a chronological list of events that are not obviously linked relating to his imprisonment at Salinas Valley State Prison and then states a series of claims (denial of law library access; excessive force; denial of canteen privileges) that have insufficient factual support. For example, alleging in a conclusory fashion that the denial of law library access prevented him from meeting court deadlines is insufficient — plaintiff must state with specificity what deadlines he failed to meet and exactly how his failure to meet those deadlines adversely affected his case.[1] And he needs to limit the complaint to one cause of action, as I wrote in my order dismissing the original complaint.[2]

## CONCLUSION

Given that Barth has not complied with my Orders after three tries, I DISMISS his federal civil rights action without prejudice. Because this dismissal is without prejudice, Barth may move to reopen. Any such motion must comply in all respects with the Court's prior instructions regarding filing an amended complaint.

---

[1] Barth alleges the denial of law library access from March 2016 to January 2017 prevented him from pursuing a suit in the Central District (*Barth v. Lackner*, 15-cv-01398-DMG-RAO). (Second Am. Compl., Dkt. No. 12 at 7.) The docket of that case contradicts Barth's assertions. Despite the alleged denial of law library access, he was able to file on April 12, 2016 a 372-page objection to a magistrate's report and recommendation. (*Barth v. Lackner*, 15-cv-01398-DMG-RAO, Dkt. No. 66.)

[2] The complaint should also be limited to 10 pages.

3

1 The Clerk shall enter judgment in favor of defendants and close the file.

**IT IS SO ORDERED.**

**Dated:** May 31, 2019


WILLIAM H. ORRICK
United States District Judge